Jacquelyn H. Choi (SBN 211560)
RIMON, P.C.
2029 Century Park East, Suite 400N
Los Angeles, CA 90067-2905
Telephone: (310) 525-5859
Facsimile: (310) 525-5859
Email: jacquelyn.choi@rimonlaw.com

Attorneys for County of Sonoma

## UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SANTA ROSA DIVISION

| | |
|---|---|
| In re: | Case No. 20-10616 |
| TYLER LEASE MEIGGS, | Chapter 11 |
| Debtor and Debtor-in-Possession. | **STIPULATION FOR ENTRY OF ORDER DETERMINING COUNTY OF SONOMA'S DEBT TO BE EXCEPTED FROM DISCHARGE PURSUANT TO 11 U.S.C. § 523(a)(7)** |
| | [NO HEARING REQUIRED] |

**TO THE HONORABLE CHARLES NOVACK, UNITED STATES BANKRUPTCY JUDGE, THE UNITED STATES TRUSTEE AND TO ALL INTERESTED PARTIES:**

The County of Sonoma (the "County") and Tyler Lease Meiggs (the "Debtor") (collectively, the "Parties"), hereby enter into this *Stipulation For Entry Of Order Determining County Of Sonoma's Debt To Be Excepted From Discharge Under 11 U.S.C. 523(a)(7)* (the "Stipulation"), by and through their respective counsel, with reference to the following facts:

### RECITALS

A. WHEREAS, in May 2020, the County initiated three (3) separate code enforcement actions against the Debtor in the Superior Court of the State of California for the County of Sonoma (the "State Court") (Case Nos. SCV266355, SCV66368 and SCV266392) (collectively, the "Code

1

Enforcement Actions") based upon, among other things, the Debtor's code violations in connection with the Debtor's following three (3) real properties:

      (i)     1460 Big Barn Road, Cazadero, California (the "Big Barn Property");

      (ii)    27951 King Ridge Road, Cazadero, California (the "King Ridge Property"); and

      (iii)   23480 Fort Ross Road, Cazadero, California (the "Fort Ross Property").

B. WHEREAS, on April 16, 2021, the State Court consolidated all three (3) cases into SCV266355 and assigned the matter to Department 17.

C. WHEREAS, on November 24, 2020 (the "Petition Date"), the Debtor initiated a voluntary petition under chapter 11 of Title 11 of the United States Code commencing the instant bankruptcy case (the "Bankruptcy Case").

D. WHEREAS, on December 23, 2020, the County filed a *Motion for Entry of Order (1) Confirming that Movant's Code Enforcement Actions Against the Debtor are Excepted from the Automatic Stay Pursuant to 11 U.S.C. Sec. 362(b)(4), or, in the Alternative, (2) Granting Relief From the Automatic Stay Pursuant to 11 U.S.C. Sec. 362(d)(1)* [Docket No. 15] (the "Relief From Stay Motion"). In the Relief From Stay Motion, the County sought, among other things, an entry of an Order (i) confirming that the County's Code Enforcement Actions against the Debtor are not stayed under 11 U.S.C. § 362(b)(4); or, in the alternative, (ii) granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for "cause" so that the County can proceed with litigation under the Code Enforcement Actions and prosecute such actions to judgment.

E. On January 21, 2021, the Court entered an *Order Granting Motion for Entry of Order* (1) *Confirming That Movant's Code Enforcement Actions Against the Debtor are Excepted From the Automatic Stay Pursuant to 11 U.S.C.§ 362(b)(4), or, In the Alternative, (2)* Granting *Relief From the Automatic Stay Pursuant to 11 U.S.C. §362(d)(1)* [Docket No. 41].

F. WHEREAS, the original deadline for creditors to file a complaint (i) seeking to have its debt excepted from discharge pursuant to 11 U.S.C. § 523; and/or (ii) for determination that Debtor is not

2

entitled to a discharge pursuant to 11 U.S.C. § 727 was February 16, 2021 (the "Non-Dischargeability Deadline").

G. WHEREAS, through a series of stipulations filed by and between the County and the Debtor, the Parties extended the Non-Dischargeability Deadline pursuant to Court Order [Docket Nos. 48 and 82].

H. WHEREAS, on May 11, 2021, the Court entered an *Order Granting Second Stipulation For Entry Of Order Extending County Of Sonoma's Deadline To File Complaint (1) Seeking To Have Its Debt Excepted From Discharge Pursuant To 11 U.S.C. 523; And/Or (2) For Determination That Debtor Is Not Entitled To A Discharge Pursuant To 11 U.S.C. § 727* [Docket No. 82] (the "Second Order"). Pursuant to the Second Order, the County's Non-Dischargeability Deadline was extended through August 17, 2021.

I. WHEREAS, after successfully settling their disputes under the pending Code Enforcement Actions, the Parties entered into a *Stipulated Judgment and Permanent Injunction* (the "Stipulated Judgment") which was filed with the State Court in July 2021. Pursuant to the terms of the Stipulated Judgment, among other things, immediately upon State Court approval of the Stipulated Judgment, the Debtor agreed to stipulate to a non-dischargeable judgment in the Bankruptcy Case under 11 U.S.C. § 523 in the total sum of $600,000.00 (the "Debt") in full settlement and compromise of the pending Code Enforcement Actions, which was an express condition and material term in exchange for the County's agreement to compromise the total amount of civil fines and penalties owed to County under the Code Enforcement Actions.

J. On July 26, 2021, the Stipulated Judgment was entered by the State Court. A true and correct copy of the entered Stipulated Judgement is attached hereto as **Exhibit "A"**.

K. WHEREAS, on July 15, 2021, the Debtor filed a *[Proposed] Combined Plan of Reorganization and Disclosure Statement* dated July 15, 2021 [Docket No. 87] (the "Combined Plan and Disclosure Statement").

3

1    L.  On July 19, 2021, the Court entered an *Order Denying Approval of Disclosure Statement Aspect of Combined Plan and Disclosure Statement* [Docket No. 88].

**NOW THEREFORE**, the Parties hereby stipulate and agree as follows:

### **STIPULATION**

1.  The County's Debt in the total sum of $600,000.00 is hereby excepted from discharge pursuant to 11 U.S.C. § 523(a)(7).

Dated:  August 3, 2021                LAW OFFICE OF RUTH AUERBACH

By: _/s/ Ruth Elin Auerbach_____
      Ruth Elin Auerbach
      Attorneys for Debtor and Debtor-in-Possession

Dated: August 3, 2021               RIMON, P.C.

By: /s/ Jacquelyn H. Choi_____
    Jacquelyn H. Choi
    Attorneys for County of Sonoma

4

# EXHIBIT "A"

ROBERT H. PITTMAN, #172154
County Counsel
DIANA E. GOMEZ
Deputy County Counsel
County of Sonoma
575 Administration Drive, Room 105-A
Santa Rosa, California 95403
Telephone: (707) 565-2421
Fax: (707) 565-2624
Email: Diana.Gomez2@sonoma-county.org

Attorneys for Plaintiffs,
County of Sonoma

**ELECTRONICALLY FILED**
**Superior Court of California**
**County of Sonoma**
**7/26/2021 2:58 PM**
**Arlene D. Junior, Clerk of the Court**
**By: Alexandria Hankes, Deputy Clerk**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

IN AND FOR THE COUNTY OF SONOMA

COUNTY OF SONOMA,

  Plaintiff,

vs.

TYLER MEIGGS,

  Defendant.

_____/

Case No. SCV 266355
Consolidated with SCV266368 and SCV266392

(Unlimited Civil)

**STIPULATED JUDGMENT AND PERMANENT INJUNCTION (Consolidated Cases SCV266368 AND SCV266392)**

Honorable Arthur Wick
 Dept. 17

  The parties desire to resolve the litigation filed by the County of Sonoma (hereinafter the "County") on the above 3 cases, arising out of the violations of the Sonoma County Code ("SCC"), Chapters 7, 11, 24 and 26, including abatement costs, as defined in section 1-7(d) of the SCC, civil penalties pursuant to section 1-7.1 of the SCC, and attorneys' fees arising out of these enforcement actions, by way of this this compromise agreement.

**RECITALS**

  **WHEREAS**, TYLER MEIGGS ("MEIGGS"), is the owner of the following real properties located in the unincorporated area of Sonoma County: 1460 Big Barn Road, Cazadero, California, Assessor Parcel Number 107-110-014, ("the Big Barn Property"), see Grant Deed and legal description attached hereto as *Exhibit A*, and incorporated by reference;

STIPULATED JUDGMENT COUNTY OF SONOMA v. TYLER MEIGGS
Page **1** of 17

23480 Fort Ross Road, Cazadero, California, Assessor Parcel Number 107-150-023, ("the Fort

Ross Property") see Grant Deed and legal description attached hereto as *Exhibit B*, and

incorporated by reference;  and 27951 King Ridge Road, Cazadero, California, Assessor Parcel

Number 109-340-042, ("the King Ridge Property"), see Grant Deed and legal description

attached hereto as *Exhibit C*, and incorporated by reference (collectively "Properties");

**WHEREAS**, since 2017, the County of Sonoma Permit and Resources Management

Department ("Permit Sonoma) has been attempting to get the Properties into compliance with the

Sonoma County Code ("SCC"), Chapters 7 (Building), 24 (Grading) and 26 (Zoning).

**WHEREAS**, the County alleges that the code violations on the Property include(d):

1. Big Barn Property:

    a. <u>Building Code Violations</u>: two unpermitted (2) sheds (VBU19-0613, VBU19-0614); non-permitted septic tank, (VBU19-0615); non-permitted dwelling unit (VBU19-0616); hazardous electrical and plumbing (VBU19-0617); four unpermitted (4) greenhouses (VBU19-0618, VBU19-0619, VBU19-0620, VBU19-0621); three (3) unpermitted cargo containers (VBU19-0622, VBU19-0623, VBU19-0624); two (2) unpermitted 500 gallon propane tanks (VBU19-0625, VBU19-0626); and Substandard housing (VBU19-0627, VBU19-0628)

    b. <u>Septic Code Violations</u> - (VWS19-0030) Septic tank at SFD,  (VWS19-0031) Illegal pit toilet, leaking graywater from occupied travel trailer (VWS19-0032)

    c. <u>Zoning Code Violations</u> - Two (2) occupied travel trailers (VPL19-0666, VPL19-0667), Non-operational vehicles (VPL19-0668) and Junkyard conditions (VPL19-0669);

    d. <u>Unpermitted Cannabis</u>, approximately 600 plants (VPL19-0665);

2. Fort Ross Property:

    a. <u>Building Code Violations</u>: Building Code Violations - three (3) greenhouses (VBU19-0803, VBU19-0804, VBU-0805); unpermitted construction of a single family dwelling

(VBU19-0826); unpermitted construction of a single family dwelling (VBU19-0827); unpermitted construction of a barn (VBU19-0828); two (2) unpermitted cargo containers (VBU19-0829, VBU-19-0830); unpermitted construction of a shed (VBU-19-0831);

      b.   <u>Septic Code Violation</u> - installation of a pit toilet (VWS19-0041);

      c.   <u>Grading Code Violation</u> – unpermitted grading and terracing  (VGR19-0055);

      d.   <u>Zoning Code Violations</u> - Junkyard conditions (VPL19-0897); Non-operative vehicles (VPL19-0899); and

      e.   Unpermitted Cannabis, approximately 1000 plants (VPL19-0875); and

  3.   King Ridge Property:

      a.   <u>Building Code Violations</u> - two (2) unpermitted greenhouses (VBU19-0806, VBU19-0807);

      b.   <u>Grading Code Violation</u> – unpermitted grading and terracing of over 50 cubic feet with slopes of 2-1 ratio (VGR19-0054);

      c.   <u>Septic Code Violation</u> - pit toilet (VWS19-0040);

      d.   <u>Zoning Code Violations</u> - two (2) occupied travel trailers (VPL19-0895, VPL19-0896), Junkyard conditions (VPL19-0894);

      e.   <u>Unpermitted Cannabis</u> (VPL19-0876); collectively (the "Violations");

**WHEREAS**, in September 2019 Permit Sonoma conducted site inspections on the Properties and observed the above violations. Notices and Orders were issued for all violations and MEIGGS was given a reasonable opportunity to abate the violations;

 **WHEREAS,** when the violations were not abated as ordered, County filed Complaints To Abate A Public Nuisance; And To Enforce And Permanently Enjoin Code Violations in the Sonoma County Superior Court against MEIGGS as follows:

  **1.**   Big Barn Property: SCV266392, Filed May 1, 2020

  **2.**   Fort Ross Property: SCV266368, Filed May 4, 2020

**3.** King Ridge Property: SCV266392, Filed May 1, 2020;

**WHEREAS,** the following violations have been abated and removed from the Properties:

1.    Big Barn Property: two (2) sheds (VBU19-0613, VBU19-0614); non-permitted septic tank, (VBU19-0615); hazardous electrical and plumbing (VBU19-0617); four (4) greenhouses (VBU19-0618, VBU19-0619, VBU19-0620, VBU19-0621); two (2) cargo containers (VBU19-0622, VBU19-0623); cargo containers (VBU19-0624); two (2) 500 gallon propane tanks (VBU19-0625, VBU19-0626); Substandard housing (VBU19-0627); Substandard housing (VBU19-0628); Septic Code Violations - (VWS19-0030) Septic tank at SFD, (VWS19-0031) Illegal pit toilet, leaking graywater from occupied travel trailer (VWS19-0032); two (2) occupied travel trailers (VPL19-0666, VPL19-0667); non-operational vehicles (VPL19-0668); and Cannabis (VPL19-0665);

2.    Fort Ross Property: three (3) greenhouses (VBU19-0803, VBU19-0804, VBU-0805); two (2) cargo containers (VBU19-0829, VBU-19-0830); Junkyard conditions (VPL19-0897); non-operative vehicles (VPL19-0899); and Cannabis (VPL19-0875); and

3.    King Ridge Property: two (2) greenhouses (VBU19-0806, VBU19-0807); two (2) occupied travel trailers (VPL19-0895, VPL19-0896); junkyard conditions (VPL19-0894) and Cannabis (VPL19-0876);

**WHEREAS**, as of the date of the filing of the Stipulation for Entry of Judgment, the Properties continue to be in violation of the SCC as follows:

1.    Big Barn Property: non-permitted dwelling unit (VBU19-0616) and junkyard conditions (VPL19-0669);

2.    Fort Ross Property: construction of a single family dwelling (VBU19-0826); construction of a single family dwelling (VBU19-0827); construction of a barn (VBU19-0828); construction of a shed (VBU-19-0831); installation of a pit toilet (VWS19-0041) and unpermitted

1   grading and terracing (VGR19-0055);

2       3.      King Ridge Property: unpermitted grading and terracing of over 50 cubic feet with

3   slopes of 2-1 ratio (VGR19-0054) and septic violation - pit toilet (VWS19-0040);

4       **WHEREAS**, on April 16, 2021, the court consolidated all 3 cases into SCV266355 and

5   assigned the matter to Department 17 of the Sonoma County Superior Court;

6       **WHEREAS** on November 24, 2020, DEFENDANT MEIGGS filed an action in the

7   United States Bankruptcy Court for the Northern District of California (Santa Rosa Division)

8   (Case No. 20-10616-) (the "Bankruptcy Case").  Immediately upon court approval of this

9   agreement, MEIGGS agrees to stipulate to a non-dischargeable judgment in the Bankruptcy Case

10  in the total sum of the Compromise Amount (as described below in ¶ 5) under 11 U.S.C. § 523

11  (the "Bankruptcy Stipulated Judgment"), and shall cooperate with the County to the fullest extent

12  to promptly execute such Bankruptcy Stipulated Judgment to be presented for Bankruptcy Court

13  approval.  This terms set forth herein are an express condition and material term in exchange for

14  the County's agreement to compromise the total amount of civil penalties currently owed to

15  County in this action;

16      **WHEREAS,** in order to resolve the disputes between them, the parties desire to enter

17  into a Stipulated Judgment.

18      **NOW, THEREFORE**, pursuant to the Stipulation for Entry of Judgment executed by

19  DEFENDANT MEIGGS, and filed with this Court:

20      **IT IS HEREBY ORDERED THAT:**

21      DEFENDANT MEIGGS, and persons acting on his behalf or in concert with him, and his

22  successors, assigns, agents or principals, is now permanently enjoined and restrained from

23  ("PERMANENT INJUNCTION"):

24      1.      Maintaining or allowing others to maintain violations of the SCC including but

not limited to Chapters 7 (Building) , 11 (Grading), 24 (Septic) and 26 (Zoning) on the Properties, including:

       A.    Unpermitted and Unlawful Commercial Cannabis Cultivation;

       B.    Unpermitted construction;

       C.    Unpermitted greenhouses;

       D.    Unpermitted structures;

       E.    Dangerous dwellings;

       F.    Unpermitted occupied travel trailers;

       G.    Unpermitted cargo containers;

       H.    Unpermitted and substandard septic;

       I.    Unpermitted grading;

       J.    Non-operative vehicles;

       K.    Junkyard conditions; and

       L.    Unpermitted uses on the Property.

2.    Using or permitting others to use the Properties for unlawful commercial cannabis activities, including but not limited to, cultivation, planting, growing, harvesting, drying, curing, manufacturing, storing, or trimming of cannabis or any cannabis related operations (manufacturing of oils, etc.) unless and until a legal permit to do so is obtained from the County and any and all other regulatory agencies, including the State of California.

**IT IS HEREBY FURTHER ORDERED** that:

3.    DEFENDANT MEIGGS shall direct his respective lessees, guests and tenants, of each of the Properties, to comply with paragraphs (1) and (2) above.

4.    **Legalization of Code Violations**. DEFENDANT MEIGGS shall abate each of the remaining the Code violations on the Property as follows:

A. **Big Barn Property**:

    1) <u>Building Code Violation</u> - non-permitted dwelling unit (VBU19-0616):

        i.   DEFENDANT MEIGGS shall, submit to Permit Sonoma a complete application package to obtain either a demolition permit or permits to legalize the building code violation, together with all necessary drawings and plans, and all required permit fees, including any required building, electrical, septic, or other required applications and all supporting documents and plans no later than 90 days from the date the Stipulation for Entry of Judgment is approved by the Bankruptcy Court;

        ii.   Legalization includes each and every of the following: obtaining issuance of any necessary building, sewage and septic, and approvals from the County, including paying any necessary fees, completing all necessary work required under each permit, and obtaining final inspection approval by the County. No penalty permit multiplier will be applied to this permit;

        iii.   DEFENDANT MEIGGS shall diligently pursue all required County permit review processes by responding within 14 days to any requests by the County for corrections or modifications to the permit application(s);

        iv.   DEFENDANT MEIGGS shall call for a final inspection 120 days after the building permit is issued;

        v.   DEFENDANT MEIGGS understands that if he cannot legalize the structure as provided herein, he will remove the structure from the Property by obtaining a demolition permit within 30 days of the rejection of the building permit application. and receive a final inspection from the County within 60 days of the permit issuance for the following violations;

        vi.   No penalty permit multiplier will be applied to this permit.

STIPULATED JUDGMENT COUNTY OF SONOMA v TYLER MEIGGS
Page 7 of 17

vii.   The foregoing notwithstanding, the Big Barn Property is currently listed for sale.  Should DEFENDANT MEIGGS obtain a buyer for the property **prior to the deadlines for abatement as set forth herein**, the buyer may undertake the correction of the violations within a reasonable period of time after acquiring the property only if said buyer agrees to and does enters into an Abatement Security Agreement with Plaintiff, prior to the sale, whereby the buyer agrees to undertake the abatement by negotiated deadlines to do so.

2) <u>Zoning Code Violations</u>- junkyard conditions (VPL19-0669);

i.   DEFENDANT MEIGGS shall remove the violation and call for a final inspection no later than 30 days from the date the instant compromise agreement is approved by the court.

**B.  Fort Ross Property:**

1) <u>Building Code Violations</u> -construction of a single family dwelling (VBU19-0826); construction of a single family dwelling (VBU19-0827); construction of a barn (VBU19-0828);  construction of a shed (VBU-19-0831);

i.   DEFENDANT MEIGGS shall submit to Permit Sonoma complete application package to obtain either demolition permits or permits to legalize the building code violations, together with all necessary drawings and plans, and all required permit fees, including any required building, electrical, septic, or other required applications and all supporting documents and plans no later than 90 days from the date the instant compromise agreement is approved by the court;

ii.   Legalization includes each and every of the following: obtaining issuance of any necessary building, sewage and septic, and approvals from the County, including paying any necessary fees, completing all necessary work required under each permit, and obtaining final inspection approval by the County. No penalty permit multiplier will be applied

to this permit;

iii.     DEFENDANT MEIGGS shall diligently pursue all required County permit review processes by responding within 14 days to any requests by the County for corrections or modifications to the permit application(s);

iv.     DEFENDANT MEIGGS shall call for a final inspection 120 days after the building permits are issued or 60 days after a demolition permit is issued;

v.     DEFENDANT MEIGGS understands that if he cannot legalize any of the structures as provided herein, he will remove that structure from the Property by obtaining a demolition permit within 30 days of the rejection of the building permit application and receive a final inspection from the County within 30 days of the permit issuance; and

vi.     No penalty permit multiplier will be applied to this permit.

vii.     The foregoing notwithstanding, the Fort Ross Property is currently listed for sale.  Should DEFENDANT MEIGGS obtain a buyer for the property **prior to the deadlines for abatement as set forth herein**, the buyer may undertake the correction of the violations within a reasonable period of time after acquiring the property only if said buyer agrees to and does enters into an Abatement Security Agreement with Plaintiff, prior to the sale, whereby the buyer agrees to undertake the abatement by negotiated deadlines to do so.

2)  <u>Septic Code Violation</u> - installation of a pit toilet (VWS19-0041)

i.     DEFENDANT MEIGGS shall remove the violation and call for a final inspection no later than 30 days from the date the Stipulation for Entry of Judgment is filed; and

3)  <u>Grading Code Violation</u> - unpermitted grading and terracing (VGR19-0055);

i.     DEFENDANT MEIGGS shall, ~~to the extent he has the funds to do so,~~ legalize the grading by restoring the Property to its pre-existing condition by: restoring the

original contours; removing the fill, restoring the natural drainage conditions, replanting native vegetation and conducting any ecological restoration work identified by County. Such legalization shall include:

ii. Submit to Permit Sonoma a complete grading permit application along with all required engineering plans and reports, and restoration plans, to abate the violations, within 90 days from the date the Stipulation for Entry of Judgment is filed;

iii. Legalization includes paying any necessary fees, completing all necessary work required under the permit, and obtaining final inspection approval by the County;

iv. DEFENDANT MEIGGS shall contact Permit Sonoma to request a final inspection the grading permit application no later than 90 days from the date the grading permit is issued;

v. DEFENDANT MEIGGS shall diligently pursue all required County permit review processes by responding within 14 days to any requests by the County for corrections or modifications to the permit application(s).

vi. County agrees to not unreasonably withhold granting an extension of the 90-day timeframe upon receipt of a written request from DEFENDANT MEIGGS which sets forth specific reasons why a final inspection was not requested from County as set forth herein; and

vii. No penalty permit multiplier will be applied to this permit.

viii. The foregoing notwithstanding, the Fort Ross Property is currently listed for sale. Should DEFENDANT MEIGGS obtain a buyer for the property prior to the deadlines for abatement as set forth herein, the buyer may undertake the correction of the violations within a reasonable period of time after acquiring the property only if said buyer agrees to and does enters into an Abatement Security Agreement with Plaintiff, prior to the sale,

whereby the buyer agrees to undertake the abatement by negotiated deadlines to do so.

**C. King Ridge Property:**

1) <u>Grading Code Violation</u> unpermitted grading and terracing of over 50 cubic feet with slopes of 2-1 ratio (VGR19-0054) :

    i.      DEFENDANT MEIGGS shall legalize the grading by restoring the Property to its pre-existing condition by: restoring the original contours; removing the fill, restoring the natural drainage conditions, replanting native vegetation and conducting any ecological restoration work identified by County.  Such legalization shall include:

    ii.      Submit to Permit Sonoma a complete grading permit application along with all required engineering plans and reports, and restoration plans, to abate the violations, within 90 days from the date the Stipulation for Entry of Judgment is filed;

    iii.      Legalization includes paying any necessary fees, completing all necessary work required under the permit, and obtaining final inspection approval by the County;

    iv.      DEFENDANT MEIGGS shall diligently pursue all required County permit review processes by responding within 14 days to any requests by the County for corrections or modifications to the permit application(s).

    v.      DEFENDANT MEIGGS shall contact Permit Sonoma to request a final inspection the grading permit application no later than 90 days from the date the grading permit is issued.

    vi.      County agrees to not unreasonably withhold granting an extension of the 90-day timeframe upon receipt of a written request from DEFENDANT MEIGGS which sets forth specific reasons why a final inspection was not requested from County as set forth herein; and

    vii.      No penalty permit multiplier will be applied to this permit.

viii.     The foregoing notwithstanding, the King Ridge Property is currently listed for sale.  Should DEFENDANT MEIGGS obtain a buyer for the property prior to the deadlines for abatement as set forth herein, the buyer may undertake the correction of the violations within a reasonable period of time after acquiring the property only if said buyer agrees to and does enters into an Abatement Security Agreement with Plaintiff, prior to the sale, whereby the buyer agrees to undertake the abatement by negotiated deadlines to do so.

2)  <u>Septic Code Violation</u> - pit toilet (VWS19-0040);

i.     DEFENDANT MEIGGS shall remove the violation and call for a final inspection no later than 60 days from the date the Stipulation for Entry of Judgment approved by the Bankruptcy Court;

**IT IS FURTHER ADJUDGED AND DECREED** that:

5.     **Compromise Amount.** DEFENDANT MEIGGS shall pay the County of Sonoma the total sum of **$600,000.00** (SIX HUNDRED THOUSAND DOLLARS) in full settlement and compromise of these 3 actions and in release and discharge of any and all claims and causes of action made in these actions as follows:

A.     Payment, except as set forth below, shall be made from the proceeds of sale of each of the properties, pursuant to the Debtor's Plan of Reorganization ("Plan"), which Plan shall be confirmed by a final, non-appealable Bankruptcy Court order no later than August 31, 2021.  If the Plan is not confirmed by August 31, 2021, the Debtor agrees to immediately stipulate to relief from the automatic stay under 11 U.S.C. Section 362(d) authorizing the County to exercise any and all rights to enforce its abstract of judgment lien pursuant to applicable state law and will cooperate with the County to the fullest extent to allow the County to obtain Bankruptcy Court approval of such stipulation.  The foregoing notwithstanding, if the hearing on confirmation of the Debtor's Plan cannot be calendared by August 31, 2021, then the **confirmation date and relief**

1  **from stay date shall be extended for 30 days** to September 30, 2021.  Payments shall be sent to:

2  County of Sonoma
   County Counsel
3  575 Administration Drive, Rm 105A,
   Santa Rosa, CA 95403
4

5  B.    Within 5 days of confirmation of the Debtor's Plan, Defendant Meiggs shall pay

6  County of Sonoma, Twenty Thousand Dollars ($20,000.00), which shall be credited towards the

7  total amount owed. The foregoing shall be reflected in the Debtor's Plan to be filed with the Court

8  in accordance with Paragraph 5.A., above.  Nothing herein shall be intended to limit or alter any

9  and all of the County's rights and remedies arising under the Plan, including, without limitation,

10  the County's rights to oppose or respond to the Plan.

11  C.    If any of the Properties are to be sold prior to the abatement of all code

12  violations and/or full payment of all monies owed per the Judgment,  DEFENDANT MEIGGS

13  agrees to:

14  1)    Notify County within 48 hours of the opening of any escrow;

15  2)    Include payment to the County in an Order of the Bankruptcy Court

16  approving the sale;

17  3)    Give proper instructions to the Escrow Agent for payment of the full

18  Amount, including any Penalty Payments, which are due and owing to County at time of the sale

19  of the Properties; and

20  4)    Make this Judgment part of the Escrow instructions to any interested

21  buyers, or make this Judgment and all its provisions, duties and responsibilities explicitly known

22  to any potential buyer.

23  6.    **Delinquency**.  If the County does not receive payment as set forth in Section 5,

24  interest shall accrue at the legal rate of ten percent (10%) per annum on any unpaid amount of the

Compromise Amount and/or Penalty Payments and costs may be assessed against the Properties and may be collected in the same manner as taxes, as provided by Government Code section 25845 and SCC section 1-7(d).

7. **Effect on Property Taxes**. County is authorized to assess all costs and attorneys' fees against the Property and to collect the same in the same manner as taxes as provided by Government Code section 25845 and by SCC sections 1-7 and 1-7.1; and 1-7(d).

8. **Breach.**

A. If DEFENDANT MEIGGS fails to pay the COMPROMISE AMOUNT pursuant to his Chapter 11 Plan and Paragraph 5 of this Agreement, this will be considered a breach of this Stipulated Judgment and Permanent Injunction and it is ordered that:

i. Any unpaid portions of the total amount still owing are immediately due and payable to the County; and

ii. County may file against DEFENDANT MEIGGS a motion to enforce the judgment, or any other remedy to compel compliance with all terms of this Judgment. The non-prevailing party shall pay the prevailing party all of its attorney's fees and costs associated with bringing such action(s).

B. If DEFENDANT MEIGGS fails to meet any of the deadlines to abate the violations as set forth in Paragraph 4, and/or in the manner set forth therein, then DEFENDANT MEIGGS will be in breach of this Stipulated Judgment and:

i. DEFENDANT MEIGGS shall pay the County a penalty of $200.00 per day, per violation (the "Penalty Payments") beginning on the day of the breach and continuing to accrue daily until the Property is brought into code compliance and each and every violation is legalized and abated. The Penalty Payments for the violation will end only when DEFENDANT MEIGGS has received a final approval from the County for all of the Violations.

1         ii.     County may file against DEFENDANT MEIGGS a civil contempt

2 action, a motion to enforce the judgment, a petition to appoint a receiver, or any other remedy to

3 compel compliance with all terms of this Judgment.   The non-prevailing party shall pay the

4 prevailing party all of its attorney's fees and costs associated with bringing such action(s).

5        9.    **Recordation**. The Abstract of Judgment may be recorded against each of the

6 Properties immediately after filing of this Stipulated Judgment with the Court.

7       10.    **Release of Liens and Satisfaction of Judgment**.  Within ten (10) business days of

8 receiving the final payment of the COMPROMISE AMOUNT as set forth herein, and any Penalty

9 payments due, and only if the Property is in complete compliance with the Sonoma County Codes

10 and all violations have received final inspection, the County will provide the property owner with

11 all necessary written release of lien forms for them to record in order to release all code

12 enforcement liens recorded against the Property, for the violations as pled in each of the

13 Complaints.  County shall also file a release of the Lis Pendens and a Satisfaction of Judgment.

14       11.    **Authority to Enter**. The County and its officers, agents or employees, or persons

15 duly authorized to act on its behalf, may enter the Properties during normal business hours (8:00

16 a.m. to 5:00 p.m., Monday through Friday) upon two (2) business days email notice to

17 DEFENDANT MEIGGS at tylermeiggs@yahoo.com, with a copy to his bankruptcy attorney,

18 Ruth Auerbach at attorneyruth@sbcglobal.net, notifying him of the date and time of inspecting

19 the Properties for compliance with this Stipulated Judgment.  The Property shall not be locked

20 and shall be accessible to the County at the date and time set forth above.

21       A.    No individual need be present on the Property during the inspection;

22       B.    The inspection shall take place during normal business hours.

23       C.    If the County provides proper noticing as set forth above and is not able to

24 gain access to the Property, the DEFENDANT MEIGGS agrees to pay all the County's costs in

attempting an inspection; and

   D. The Sonoma County Sheriff may send such deputies as Code Enforcement deems appropriate to enforce this directive and to protect and supervise the aforementioned County officers, agents, employees, and persons duly authorized to act on its behalf.

   E. DEFENDANT MEIGGS shall hold County and its officers, agents, employees, and persons duly authorized to act on its behalf harmless from and against any and all claims for trespass or conversion or other causes of action directly related to and within the scope of the abatement of the Properties by County pursuant to this section.

   12. **County Authority to Abate**. In the event DEFENDANT MEIGGS does not comply with this order and any of the Properties is not in compliance with all codes and ordinances of the Sonoma County Code, then upon 30 days' notice to abate the violations and only if the violations remain unabated:

   A. The Director of Permit Sonoma (the "Director"), or a private contractor employed by the Director or by the Sonoma County Board of Supervisors, or by both, be authorized to enter the Properties, upon 48 hours written notice, to remove all violations and restore the Properties to a lawful condition under the ordinances of the County of Sonoma; and

   B. The Sonoma County Sheriff may send such deputies as the Director deems appropriate to protect and supervise the aforementioned County officers, agents, employees, and persons duly authorized to act on its behalf; and

   C. Should the County incur any abatement costs of performing the work described above, those costs shall be treated as an administrative priority claim in DEFENDANT MEIGGS' bankruptcy;

   D. If the bankruptcy estate of DEFENDANT MEIGGS does not have sufficient funds to pay the administrative claim for abatement costs upon the effective date of the

1    Chapter 11 Plan, those funds may be assessed against the Property and may be collected in the

2    same manner as taxes, as provided by Government Code §25845 and SCC §1-7, or may be

3    recorded against the subject Properties by way of a Supplemental Abatement Lien; and

4            E.      DEFENDANT MEIGGS and his successors, assigns, agents and each of

5    them, shall hold Sonoma County and its officers, agents, employees, and persons duly authorized

6    to act on its behalf harmless from and against any and all claims, demands, liabilities, costs,

7    expenses, actions, and causes of action that may be asserted by any person or entity, including

8    DEFENDANT MEIGGS, arising out of or in connection with the performance of this

9    enforcement actions.

10      13.    **Jurisdiction**. The Sonoma County Superior Court shall retain jurisdiction over this

11    matter pursuant to Code of Civil Procedure Section 664.6.

12      14.    **Successors.** The herein Judgment shall apply to DEFENDANT MEIGGS and his

13    successors, assigns, agents or principals.

14

15    **IT IS SO ORDERED:**

16

17    Dated: 7/26/2021 , 2021

                                       _Arthur A. Wick_

18                                       JUDGE OF THE SUPERIOR COURT

19

20

21

22

23

24

# EXHIBIT A

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Tyler Meiggs
P.O. Box 2073
Guerneville, CA 95446



**2015021063**

Official Records Of Sonoma County
William F. Rousseau
03/17/2015 08:25 AM
FIRST AMERICAN TITLE CO.

**DEED 2 Pgs**

Fee: $26.00
County Tax: $357.50

Space Above This Line for Recorder's Use Only

A.P.N.: 107-110-014

File No.: 4903-4796975 (TCE)

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX **$357.50**; CITY TRANSFER TAX $;
SURVEY MONUMENT FEE $

[ **X** ]   computed on the consideration or full value of property conveyed, OR

[    ]   computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,

[ **X** ]   unincorporated area; [ ] City of **Cazadero**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Steven Ginesi, an unmarried man**

hereby GRANTS to **Tyler Meiggs, a single man**

the following described property in the unincorporated area of the County of **Sonoma**, State of **California**:

**PARCEL ONE:**

**LOT 4, AS SHOWN UPON THAT CERTAIN MAP ENTITLED PARCEL MAP NO. 160.722, FILED FOR RECORD JUNE 22, 1977 IN BOOK 253 OF MAPS, PAGES 39 TO 46, SONOMA COUNTY RECORDS.**

**PARCEL TWO:**

**EASEMENTS FOR RIGHT OF WAY AND UTILITY PURPOSES OVER THE 60 FOOT RIGHT OF WAY, AS SHOWN ON SAID PARCEL MAP NO. 160.722.**

**EXCEPTING THEREFROM THAT PORTION LYING WITHIN PARCEL ONE.**

Mail Tax Statements To: **SAME AS ABOVE**

Grant Deed - continued

Date: **03/13/2015**

A.P.N.: 107-110-014

File No.: 4903-4796975 (TCE)

Dated: **March 13, 2015**

Steven Ginesi

A notary public or other officer completing this
certificate verifies only the identity of the
individual who signed the document to which this
certificate is attached, and not the truthfulness,
accuracy, or validity of that document.

STATE OF _____ )SS
COUNTY OF _____ )

On _____, before me, _T. C. Escher_____, Notary
Public, personally appeared _Steven Ginesi_____

_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____

T. C. ESCHER
Commission # 1981655
Notary Public - California
Sonoma County
My Comm. Expires Jul 8, 2016

*This area for official notarial seal*

# EXHIBIT B

**RECORDING REQUESTED BY:**
First American Title Company

**MAIL TAX STATEMENT**
**AND WHEN RECORDED MAIL DOCUMENT TO:**
Tyler L. Meiggs
PO Box 2073
Guerneville, CA 95446



**2018025632**

Official Records Of Sonoma County
William F. Rousseau
04/16/2018 08:13 AM
FIRST AMERICAN TITLE COMPANY

**DEED 2 Pgs**

Fee: $27.00
County Tax: $352.00

PAID

Space Above This Line for Recorder's Use Only

A.P.N.: 107-150-023-000                                File No.: 4903-5665865 (TCE)

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX **$352.00**; CITY TRANSFER TAX $;
SURVEY MONUMENT FEE $ 10

[  **x**  ]   computed on the consideration or full value of property conveyed, OR

[     ]   computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,

[  **x**  ]   unincorporated area; [  ] City of **Cazadero**, and

EXEMPT FROM BUILDING HOMES AND JOBS ACTS FEE PER GOVERNMENT CODE 27388.1(a)(2)

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Drew Wanko, a single man**

hereby GRANTS to **Tyler L. Meiggs, a single man**

the following described property in the unincorporated area of the County of **Sonoma**, State of **California**:

**PARCEL 14, AS INDICATED ON THAT CERTAIN RECORD OF SURVEY RECORDED MARCH 27, 1970 IN BOOK 143 OF MAPS, AT PAGES 1 THROUGH 7, INCLUSIVE, OFFICIAL RECORDS OF SONOMA COUNTY.**

Mail Tax Statements To: **SAME AS ABOVE**

Grant Deed - continued

Date: **04/03/2018**

A.P.N.: 107-150-023-000

File No.: 4903-5665865 (TCE)

Dated: April 03, 2018

Drew Wanko

A notary public or other officer completing this certificate
verifies only the identity of the individual who signed the
document to which this certificate is attached, and not the
truthfulness, accuracy, or validity of that document.

STATE OF _California_                                )SS

COUNTY OF _Sonoma_                                )

On _April 3 2018_ _____ before me, _Erin Ford_ _____ , Notary Public, personally appeared
_Drew Wanko_

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by
his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.                    *This area for official notarial seal.*

Notary Signature

ERIN FORD
Commission # 2069020
Notary Public - California
Marin County
My Comm. Expires Jun 17, 2018

# EXHIBIT C

**RECORDING REQUESTED BY**
First American Title Company

**AND WHEN RECORDED MAIL DOCUMENT TO:**
Tyler L. Meiggs
P.O Box 2073
Guerneville, CA 95446



**2013113208**

OFFICIAL RECORDS OF
SONOMA COUNTY

FIRST AMERICAN TITLE CO. WILLIAM F ROUSSEAU
11/27/2013 01:31 DEED
RECORDING FEE: $26.00    **2**    DCS
COUNTY TAX:    $170.50
PAID



_____

Space Above This Line for Recorder's Use Only  _____

A.P.N.: 109-340-042-000                                    File No.: 2306-4523606 (DCL)

# GRANT DEED

The Undersigned Grantor(s) Declare(s): DOCUMENTARY TRANSFER TAX **$170.50**; CITY TRANSFER TAX $;
SURVEY MONUMENT FEE **$10.00**

[     ]    computed on the consideration or full value of property conveyed, OR

[     ]    computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,

[  **X**  ]    unincorporated area;  [ ] City of **Cazadero**, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Peter G. Korwin, a single man**

hereby GRANTS to **Tyler L. Meiggs, a single man**

the following described property in the Unincorporated area of **Cazadero**, County of **Sonoma**, State
of **California**:

**PARCEL ONE:**

**THE NORTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHWEST QUARTER OF
SECTION 32, TOWNSHIP 9 NORTH, RANGE 12 WEST, M.D.B. & M.**

**PARCEL TWO:**

**THE NORTH HALF OF THE SOUTHEAST QUARTER OF THE SOUTHWEST QUARTER OF SECTION
32, TOWNSHIP 9 NORTH, RANGE 12 WEST, M.D.B. & M.**

**PARCEL THREE:**

**THE NORTH HALF OF THE SOUTHWEST QUARTER OF THE SOUTHEAST QUARTER OF SECTION
32, TOWNSHIP 9 NORTH, RANGE 12 WEST, M.D.B. & M.**

**EXCEPTING THEREFROM THOSE PORTIONS OF SECTION 32 EXCEPTED AND DESCRIBED IN
EXHIBIT "B" IN A DEED FROM BOSWELL B. JONES AND WIFE TO MOLALLA FOREST
PRODUCTS CORPORATION, RECORDED IN BOOK 2458 PAGES 655-662 OF OFFICIAL
RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SONOMA COUNTY, CALIFORNIA.**

Grant Deed - continued

Date: **11/21/2013**

A.P.N.: 109-340-042-000

File No.: 2306-4523606 (DCL)

Dated: __11/21/2013__

Peter G. Korwin

STATE OF CALIFORNIA)SS
COUNTY OF CONTRA COSTA

On NOVEMBER 25 2013before me, GLORIA S. LARSEN, Notary
Public, personally appeared / PETER G. KORWIN
_____, who proved to me on the basis of satisfactory evidence to
be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that
he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on
the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature

GLORIA S. LARSEN
COMM. #1921150
Notary Public California
CONTRA COSTA COUNTY
My Comm. Exp. FEB 5, 2015

My Commission Expires: __2\5\15__

*This area for official notarial seal*

Notary Name:_____

Notary Phone:_____

Notary Registration Number:_____

County of Principal Place of Business:_____