MARY ELLMANN TANG (SBN 154340)
PATRICIA H. LYON (SBN 126761)
KEVIN E. FUSCH (SBN 255877)
FRENCH LYON TANG
A Professional Corporation
1550 Parkside Dr., Suite 250
Walnut Creek, CA 94596
Telephone: (925) 678-1876

Attorneys for Secured Creditor
BANK OF THE WEST

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br><br>TYLER LEASE MEIGGS,<br><br>Debtor.<br><br>_____/ | Case No. 20-10616-CN-11<br>Chapter 11<br><br>OBJECTION TO CHAPTER 11 PLAN<br><br><u>Confirmation Hearing</u><br>Date: October 1, 2021<br>Time: 11:00 am<br>via Tele/Videoconference<br>www.canb.uscourts.gov/calendars |

Secured Creditor BANK OF THE WEST ("Bank") hereby objects to confirmation of the Debtor's Chapter 11 Combined Plan of Reorganization and Disclosure Statement filed on August 9, 2021 ("Plan") on the grounds that the Plan was not proposed in good faith. The Debtor has been concealing the Bank's collateral, the 2011 Ford F150 ("Truck"), and the Plan does not provide for the Bank to be paid in full.

I.  SUMMARY OF FACTS

Debtor's vehicle purchase agreement with the Bank ("Agreement") was in default at the time he filed this bankruptcy case, Debtor admitted that he had given the Truck to a third party, and Debtor failed to provide adequate insurance. The Bank filed a motion ("Motion") for relief from stay (Docket # 44). At the preliminary hearing on the Motion on February 17, 2021, Debtor's counsel represented that the Debtor was getting the Truck back from the third party and would make adequate protection payments. The Bank then entered into an

adequate protection stipulation ("APO") with Debtor (Docket # 59 and 60). The APO required Debtor to make payments, obtain physical possession of the Truck, provide the Bank with the location of the Truck, file an Affidavit of Non-Use with the DMV, and provide evidence of insurance, among other requirements.

Debtor immediately defaulted on the APO and Bank was granted relief from stay on March 31, 2021 (Docket # 69). The Bank's repossession agents began actively searching for the Truck in mid-April 2021 at the Debtor's address and the third party's address, but they have been unable to locate the Truck. See Declaration of Aimee Nanon ("Declaration"). Prior to the filing of this case the Bank's repossession agents had been searching for the Truck for ten (10) months without success. See Declaration of Aimee Nanon ("Motion Declaration") filed in support of the Motion for Relief from Stay filed on February 3, 2021 (Docket #44, ¶8). The Debtor admitted at his 341a meeting that the Truck was in an accident, a non-mechanic third party fixed the Truck and, in exchange, was allowed by the Debtor to make the Agreement payments. See Declaration of Mary Ellmann Tang ("Tang Motion Declaration") filed in support of the Motion for Relief from Stay (Docket # 44, ¶3).

According to the Debtor's Schedules as amended on January 8, 2021, the value of the Truck is $15,000. As stated in the Motion Declaration, the value of a vehicle similar to the Truck was $24,350.00 as of the filing date according to NADA.

The Bank has received the following payments on the Agreement since this case was filed:

| Amount | Date Received |
|---|---|
| $1,297.17 | 5/7/21 |
| $1,297.17 | 7/16/21 |
| $1,297.17 | 8/2/21 |

These payments have been credited toward Debtor's obligation to the Bank. There is now due, owing and unpaid on the Agreement the sum of $9,749.39 as of August 13, 2021, which includes credits for the payments listed above, as well as debits for post-petition attorney's fees and costs incurred to date, with interest, late charges, and attorney's fees accruing.

## II. LEGAL ARGUMENT

### A. The Plan Was Not Proposed in Good Faith

Under § 1129(a)(3), the court may not confirm a plan absent a finding that the "plan has been proposed in good faith and not by any means forbidden by law."

Debtor's treatment of the Bank is discussed in Part 1 of the Plan. He states that the Bank's "legal, equitable, and contractual rights remain unchanged with respect to the [Truck]" and the Bank "shall retain [its] interest in the [Truck] until paid in full." The Bank's claim is listed as "not impaired." Noticeably missing is the Debtor's promise to pay the Bank's claim in full.

Part 2 of the Plan deals with general unsecured creditors and states that they will receive "100% of their allowed claim[s]."

This treatment of the Bank's claim clearly shows that the Debtor has not proposed the Plan in good faith. Unsecured creditors will be paid in full. The Bank, on the other hand, only retains its interest in its collateral. The Debtor's valuation of the Truck is about $10,000 less than the NADA value, yet there is still equity, depending on the condition of the Truck. The Bank's claim will only be paid if the Bank can locate and take possession of the Truck, then sell the Truck for enough to cover the Bank's claim. The Debtor's approach to let the Bank search for the Truck which he is hiding demonstrates his bad faith. The location and condition of the Truck are unknown so the Bank's claim may never be paid. The Plan gives the Bank the right to proceed against its collateral, while at the same time the Debtor is actively concealing that same collateral. The Plan is not proposed in good faith and cannot be confirmed.

### B. The Plan Violates § 1129(b)(1)

The absolute priority rule, § 1129(b)(1) of the Bankruptcy Code, requires that a senior class of creditors be paid in full before junior classes of creditors can receive any money or property under a Chapter 11 plan. Secured creditors are senior to unsecured creditors.

The Debtor has purposely mischaracterized the status of the Bank's claim as "unimpaired" in order to circumvent the absolute priority rule. The Plan does not propose to pay the Bank's claim in full, yet it proposes to pay unsecured creditors in full. Since the Bank's senior secured claim is not being paid in full prior to junior creditors, the Plan fails to comply with the Bankruptcy Code and cannot be confirmed.

### III. CONCLUSION

Based upon the foregoing and the Declaration filed concurrently herewith, Bank respectfully requests that this Court deny confirmation of the Plan.

FRENCH LYON TANG
A Professional Corporation

Dated: August 19, 2021  By: /s/Mary Ellmann Tang
MARY ELLMANN TANG
Attorneys for BANK OF THE WEST